IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02358-PAB-MJW

JOHN M. WIECHEC,

    Plaintiff,

v.

JAY HEMPHILL, individually,
VALERIE R. SILVA, individually, and
TREY ROGERS, individually

    Defendants.

---

## PROTECTIVE ORDER ( Docket No. 14-2 )

---

    Upon a showing of good cause in support of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admissions, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests and shall include, but not be limited to:

    (a) Any and all of Plaintiff's tax records, including but not limited to tax returns and information (or lack thereof) contained therein, employment records, and medical records of any kind.

    (b) Any document designated "confidential" by any party.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except as set forth in Paragraph 5. Without limiting the purview of Paragraph 5, it is specifically stated that CONFIDENTIAL information shall not be disclosed or otherwise conveyed for any purpose to any state or federal tax authority, agency, officer, or employee.

5. Information may not be designated "CONFIDENTIAL" unless an attorney designates information as CONFIDENTIAL after a review of the information and based upon a good faith belief that it is confidential or otherwise entitled to protection.

6. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such CONFIDENTIAL information may be disclosed to:

    (a) attorneys actively working on this case

    (b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case, including insurers;

    (c) the parties, and all staff counsel;

     (d)    expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

     (e)    the Court and its employees ("Court Personnel");

     (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case: and

     (g)    deponents, or witnesses.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as CONFIDENTIAL as follows: For confidential documents produced by the Plaintiff (CP _____); for confidential documents produced by the defendants (CD _____).

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion [consistent w/ D.C.ColoLCivR 7.2] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed

[handwritten: MJW 12-17-09]

time, the disputed information shall lose its designation as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of the case and after the period of time mandated by the parties' insurers expires, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

11. The parties shall produce Confidential documents requested in any discovery requests propounded by either party while entry of this Order is pending within the sooner of two (2) weeks of the entry of this Order or the thirty (30) days allowed pursuant to Fed.R.Civ.P. 34, and in any event such production is to be provided not later than forty-eight (48) hours prior to any scheduled depositions in this matter. Documents requested as part of discovery requests propounded after entry of this Order shall be produced within the thirty (30) days allowed pursuant to Fed.R.Civ.P. 34.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Entered as an ORDER of this Court on this 17th day of December, 2009

BY THE COURT:

_____
Michael J. Watanabe
Magistrate Judge

4